UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYLE PRANSCH,

    Plaintiff,

vs.

Case No. 16-10723
HON. GEORGE CARAM STEEH

THE GUARDIAN LIFE
INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT AFFIRMING ERISA BENEFITS
DETERMINATION (DOC. 15) AND DENYING PLAINTIFF'S
<u>CROSS MOTION FOR JUDGMENT (DOC. 16)</u>

This case involves a claim by plaintiff Lyle Pransch for short-term disability benefits under an employee welfare benefit plan (the Plan) governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Defendant the Guardian Life Insurance Company of America, claims administrator of the Plan, denied coverage for plaintiff after he failed to provide requested medical documentation of his disability. Defendant also determined that plaintiff was not covered by the Plan because his injury occurred at work. Plaintiff brings this lawsuit

- 1 -

claiming that defendant's decision to deny benefits fails *de novo* review and is arbitrary and capricious.

## I. Background

Plaintiff is a former employee of Valeo North America, Inc.. Valeo sponsors and directly funds a short-term disability insurance plan through defendant. (Doc. 12 at PageID 773-806). The Plan defines disabled as "a current sickness or injury [that] causes physical or mental impairment to such a degree that you are: (a) not able to perform, on a full-time basis, the major duties of your own job and (b) not able to earn more than this plan's maximum allowed disability earnings." (Doc.12 at PageID 793). The Plan requires claimants to prove written proof of loss. (Doc. 12 at PageID 791). The Plan expressly excludes coverage for disabilities "caused by, or related to. . . job related or on-the-job injury." (Doc. 12 at PageID 791).

Plaintiff's disability is back pain. He first noticed this pain while lifting boxes at work on July 2, 2014. Plaintiff submitted a handwritten statement on July 3, 2014 as well as numerous medical records regarding his injury.

Plaintiff submitted a claim for short-term disability benefits in July 2014. He received benefits for five days and returned to work. (Doc. 12 at PageID 627, 632-33). He submitted a second short-term disability claim in September 2014. Approval was updated periodically following the

submission of forms from plaintiff's physicians indicating continued restrictions. (Doc. 12 at PageID 662). Defendant reviewed plaintiff's claim file in January 2015. It thereafter denied plaintiff's benefits, asserting that he had not provided medical evidence supporting his disability beyond January 5, 2015. (Doc. 12 at PageID 672). Plaintiff submitted additional information. Defendant conducted a second review in May 2015 but came to the same conclusion. (Doc. 12 at PageID 701). Plaintiff submitted an ERISA Administrative Appeal in August 2015. Defendant requested that plaintiff submit additional information for its reconsideration review. (Doc. 11 at PageID 367-373). The parties dispute the corresponding exchange of information. Defendant's reconsideration review concluded that its prior decision to deny ongoing benefits was proper because plaintiff had not provided all of the requested medical records and his injury occurred at work. (Doc. 14 at PageID 937 – 943). Plaintiff thereafter filed this lawsuit.

## II. Standard of Review

A district court reviewing a decision regarding benefits under ERISA shall "conduct a . . . review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly." *Wilkins v. Baptist Healthcare Systems, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). A denial of benefits is subject to the arbitrary and capricious standard of

review if the benefit plan accords discretionary authority to the claims administrator to "determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Language requiring a participant to submit "written proof of loss" is a clear grant of discretionary authority warranting arbitrary and capricious review. *Leeal v. Continental Casualty Co.*, 17 F. App'x 341, 343 (6th Cir. 2001). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (internal citations omitted).

### III. Analysis

The denial of benefits at issue here shall be reviewed under the arbitrary and capricious standard because the Plan vests defendant with discretion to make benefit determinations. *See* (Doc. 12 at PageID 791) (requiring claimants to provide defendant with written proof of loss).

Defendant asserts that, as the claims administrator, not the plan administrator, it has no liability for the payment of Plan benefits. Defendant also argues that plaintiff failed to provide all of the requested medical information necessary to demonstrate continued short-term disability. Plaintiff counters that he provided everything that was within his ability to

produce. The Court finds it unnecessary to rule on these issues because even if defendant has liability and plaintiff fulfilled his obligation to furnish medical information, judgment for defendant is appropriate based on its determination excluding coverage of work related injuries under the Plan.

Defendant denied plaintiff benefits after determining that his disability was caused by a work-related injury. The Plan "does not pay benefits for disability caused by, or related to. . . job related or on-the-job injury." (Doc. 12 at PageID 791). Plaintiff provided defendant with medical records that repeatedly illustrate that he was injured at work while lifting boxes. Progress notes from Dr. Balbir Gandhi reflect that plaintiff stated that "he was at work loading boxes onto a truck" and "developed a sharp pain" that "progressively worsened" as "he continued to load the boxes." (Doc. 11 at PageID 132). Dr. Rahman stated that plaintiff "injured [his] back at work." (Doc. 11 at PageID 180). Dr. Surindar Kaura wrote that plaintiff has suffered a pain problem "since 2014" when he "was loading boxes on a rack for work." (Doc. 11 at PageID 190, 203, 212). Dr. Tyra McKinney noted that plaintiff "was injured at work lifting boxes." (Doc. 11 at PageID 290). Plaintiff told her "that he repeatedly lifted boxes and developed sore aching pain." (*Id.*). Dr. Jai Duck Liem noted that, "according to Mr. Pransch. . . he was allegedly injured at work. . . on July 2, 2014, when he

lifted boxes weighing [ ] between 40-60 pounds and then started having the severe pain." (Doc. 11 at PageID 333). Finally, plaintiff's own hand written statement, composed the day after his injury, states that he "had a pain on [his] right side" after finishing loading the 74 wire harnesses and beginning to load the 72 wire harnesses. (Doc. 11 at PageID 100). Plaintiff wrote that the pain began around 5pm, worsened around 7pm, and by 8pm, became so severe that he alerted a co-worker and stated that he needed to go to the hospital. (*Id.*).

This evidence is sufficient "to offer a reasoned explanation" for defendant's determination that, because plaintiff's disability was caused by or related to an on-the-job injury to deny benefits, it was not covered by the Plan. *Williams*, 227 F.2d at 712. Defendant's decision to deny benefits is, therefore, neither arbitrary nor capricious. *Id.*

## IV. Conclusion

For the reasons stated above, defendant's Motion for Judgment Affirming ERISA Benefits Determination, (Doc. 15), is GRANTED. Plaintiff's Cross-Motion for Judgment, (Doc. 16), is DENIED.

IT IS SO ORDERED.

Dated: September 14, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk